UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHELLE-LAEL B. NORSWORTHY,

          Plaintiff,

   v.

OFFICER FELIX, et al.,

          Defendants.

Case No.: 1:23-cv-01151-KES-SKO

**ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS**

(Doc. 46)

Plaintiff Michelle-Lael B. Norsworthy is presented by counsel in this civil rights action. The matter proceeds on Plaintiff's Fourteenth Amendment Equal Protection Clause violations against Defendants Felix, Haynes, Villanueva, and Does 1 through 50, and Eighth Amendment failure to protect claims against Defendants Cowing, Villanueva, and Does 1 through 50.

**I.      INTRODUCTION**

On March 14, 2025, this Court issued its Discovery and Scheduling Order. (Doc. 43.) On May 21, 2025, Defendants filed the following: (1) Defendants' Notice of Request to Seal Video; (2) Defendants' Motion for Judgment on the Pleadings; and (3) Defendants' Motion to Stay Discovery Pending Ruling on Concurrently Filed Motion for Judgment on the Pleadings. (Docs. 44-46.) Plaintiff opposed the motion to stay and the motion for judgment on the pleading (Docs. 49 & 50) and Defendants replied (Docs. 51-53).

1    The Court will hereby address the motion to stay. The motion for judgment on the

2    pleadings and unopposed request to seal video will be addressed in due course.

3    **II.    DISCUSSION**

4    ***The Parties' Briefing***

5    <u>Defendants' Motion[1]</u>

6    Defendants contend the Court should temporarily stay discovery pending a ruling on the

7    motion for judgment on the pleadings because that motion could dispose of the matter. (Doc. 46

8    at 3.) Defendants assert Plaintiff has served extensive discovery that will require them to expend

9    significant time and resources "even if the motion is granted in part." (*Id*. at 4.) Defendants

10    contend Plaintiff's discovery requests are not relevant to the pleadings challenge and thus

11    Plaintiff will not be prejudiced by a stay, while Defendants will incur a burden if required to

12    respond "to unnecessary discovery." (*Id*.) Lastly, Defendants state that if their motion for

13    judgment on the pleadings is denied in whole or in part, they "request that all outstanding,

14    relevant discovery responses be due 30 days after the issuance of that order." (*Id*.)

15    <u>Plaintiff's Opposition[2]</u>

16    Plaintiff contends Defendants' speculation regarding the success of their motion or

17    judgment on the pleadings is not a basis to stay discovery. (Doc. 50 at 5.) Further, Plaintiff

18    contends all competing interests weigh against a stay pending resolution of Defendants' motion as

19    Defendants did not seek to modify the discovery deadline set for August 14, 2025, and a stay

20    would prevent Plaintiff "from building her case and gathering information squarely within

21    Defendants' control." (*Id*. at 6.) Plaintiff contends she would be forced to "abandon all plans to

22    mount comprehensive discovery, including depositions of all four defendants within the

23    proceedings months." (*Id*.) Plaintiff states her discovery requests include "fourteen requests for

24    production and eight interrogatory responses," not the "'extensive discovery'" alleged by

25    Defendants. (*Id*. at 6-7.)

26

27    [1] The motion is supported by the Declaration of John W. Faulconer. (Doc. 46-1.)

28    [2] The opposition is supported by the Declaration of Phillip J. Wiese. (Doc. 50-1.)

1    Plaintiff asserts Defendants' claim that they will be required to expend great resources is belied

2    by the fact that the information sought is regularly maintained by Defendants and within their

3    possession and control. (*Id*.) Plaintiff contends a stay would not promote the orderly course of

4    justice because this action has been pending for almost two years and "judicial resources are best

5    served allowing this case to proceed with discovery." (*Id*.)

6                                    Defendants' Reply[3]

7            Defendants contend engaging in extensive discovery, where discovery was opened less

8    than three months ago and their motion is pending determination, is unnecessary and a waste of

9    resources. (Doc. 53 at 2-3.) Defendants state that Plaintiff "is threatening a motion to compel

10   without having engaged in the required meet and confer requirements. (*Id*. at 3.)  Defendants

11   contend that regardless of the motion's outcome, the pleadings should be resolved prior to the

12   parties engaging in extensive discovery, particularly where discovery can be reopened after the

13   motion's resolution. (*Id*.)

14           Defendants contend that the discovery deadline is not the issue; "engaging in discovery

15   that will become irrelevant is the issue." (Doc. 53 at 4.) Defendants state the video was properly

16   produced for use during settlement conference proceedings, and Plaintiff's assertion that the

17   discovery she propounded is minimal and relevant to her claims is inaccurate. (*Id*.) Defendants

18   assert that Plaintiff's request for documents seeks "documents from a non-party inmate's

19   custodial file, grievance documents spanning several years, housing documents spanning several

20   decades, all documents, without time limitation, regarding irrelevant policy documents, private

21   employment and personnel documents, various confidential communications with non-parties,

22   and other information." (*Id*.)

23           Defendants contend a stay will promote the orderly course of justice because: (1) their

24   motion challenges the sufficiency of the pleadings; (2) the motion was filed soon after the

25   Discovery and Scheduling Order was issued and after the parties engaged in an early settlement

26   conference; and (3) that Defendants have provided discovery responses to Plaintiff, who has

27

28   _____
     [3] Defendants' reply is also supported by the Declaration of John W. Faulconer. (Doc. 53-1.)

                                             3

1  refused "commonly granted extensions of time," unilaterally noticed depositions, threatened a

2  motion to compel without complying with the Local Rules, and seeks "extensive irrelevant

3  information spanning decades." (Doc. 53 at 4-5.)

4                    ***The Applicable Legal Standards***

5         District courts have broad discretion to manage discovery and to control the course of

6  litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672

7  F.3d 606, 616 (9th Cir. 2012).

8         The Supreme Court explained the "power to stay proceedings is incidental to the power

9  inherent in every court to control the disposition of the causes on its docket with economy of time

10  and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248,

11  254-55 (1936). To evaluate whether to stay an action, the Court must the weigh competing

12  interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible

13  damage which may result from the granting of a stay; (2) the hardship or inequity which a party

14  may suffer in being required to go forward; and (3) the orderly course of justice measured in

15  terms of simplifying or complicating of issues, proof, and questions of law which could be

16  expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing

17  *Landis*, 299 U.S. at 254-55)).

18         The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520

19  U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). As the Supreme Court explained, "If there

20  is even a fair possibility that the stay ... will work damage to some one else," the party seeking the

21  stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision

22  whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway*

23  *Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

24                          ***Analysis***

25         Here, considering the possible damage that may result from granting a stay of this action,

26  the Court finds little risk in granting the stay. Discovery has only recently commenced, and a stay

27  of these proceedings will simply suspend the discovery period until a ruling on the pending

28

                                      4

1   motion is issued.[4] If the motion for judgment on the pleadings is denied, in whole or in part, the

2   Court will issue an amended discovery order with new deadlines. If the motion to is granted, the

3   action may be dismissed, and discovery deadlines would be immaterial. Next, considering the

4   hardship or inequity which a party might suffer in being required to go forward, the Court finds

5   Defendants would suffer hardship by being required to participate in merits-based discovery and

6   meet the deadlines previously imposed before their motion is decided.[5]

7           Finally, the orderly course of justice favors a stay of these proceedings because resolution

8   of Defendants' pending motion for summary judgment may result in a dismissal of this action,

9   and a stay of these proceedings would not complicate the issues, proof, or questions of law.

10  *CMAX, Inc.*, 300 F.2d at 268. Defendants' requested stay of these proceedings is also limited to

11  the period it will take for the Court to issue a final ruling on their motion. Thus, the requested stay

12  is neither indefinite nor especially long. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67.

13  *See also, e.g.*, *Weston v. CDCR*, No. 1:20-cv-00326-JLT-GSA-PC, 2022 WL 223959, at *1 (E.D.

14  Cal. Jan. 25, 2022) (finding good cause to stay discovery pending resolution of defendant's

15  motion for judgment on the pleadings); *Garraway v. Ciufo*, No. 1:17-cv-0533 DAD GSA PC,

16  2019 WL 1438529, at *1-2 (E.D. Cal. Apr. 1, 2019) (noting that a "stay of discovery pending the

17  resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the

18  litigants" and granting stay of discovery pending resolution of motion for judgment on the

19  pleadings); *Consiglio v. Brown*, No. 1:16-cv-1268 AWI SAB (PC), 2019 WL 2499785, at *2

20  (E.D. Cal. June 17, 2019) (stating defendants did not have to respond to plaintiff's discovery

21  requests until after resolution of defendants' potentially dispositive motion for judgment on the

22  pleadings).

23  //

24  //

25  _____

26  [4] Defendants' motion has been referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) and Local
    Rule 302. The undersigned will issue Findings and Recommendations on the motion in due course.

27  [5] This Court is one of the busiest district courts in the nation. All judges in this district carry heavy
    caseloads. Delays are unavoidable.

28

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS**:

1. Defendants' motion to stay discovery (Doc. 46) is **GRANTED**;

2. Discovery is **STAYED** pending resolution of Defendants' motion for judgment on the pleadings;

3. The deadlines for the amending pleadings, completion of discovery and the filing of dispositive motions, as provided in the Discovery and Scheduling Order issued March 14, 2025 (Doc. 43), are **VACATED,** and will be reset later, if necessary; and

4. Defendants' request to seal video, (Doc. 44), and motion for judgment on the pleadings, (Doc. 45), and will be decided in due course.

IT IS SO ORDERED.

Dated:   __July 3, 2025__                              ___/s/ *Sheila K. Oberto*___
                                                                        UNITED STATES MAGISTRATE JUDGE